IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MELISSA DeLEON | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 2:23-cv-158 |
| | § | |
| | § | JURY TRIAL |
| CITGO PETROLEUM | § | |
| CORPORATION A/K/A | § | |
| CITGO REFINING AND CHEMICAL | § | |
| COMPANY LP, | § | |
| A/K/A 'CITGO REFINERY' | § | |
| A/K/A 'CITGO' | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE DISTRICT JUDGE:

Comes Now MELISSA DeLEON, Plaintiff herein, complaining of Defendant Citgo Petroleum Corporation A/K/A Citgo Refining and Chemical Company, LP, A/K/A 'Citgo Refinery' A/K/A 'Citgo' and files this Plaintiff's Original Complaint.

**I.   PARTIES, JURISDICTION AND VENUE**

1. Plaintiff Melissa DeLeon ("Plaintiff" or "DeLeon") is currently a citizen and resident of Nueces County, Texas and is a former employee of Defendant. Plaintiff worked for Defendant in Corpus Christi, Nueces County, Texas and all relevant events occurred in, Corpus Christi, Nueces County, Texas.

2. Defendant Citgo Petroleum Corporation A/K/A Citgo Refining and Chemical Company, LP, A/K/A 'Citgo Refinery' A/K/A 'Citgo' is a business entity which is registered in the State of Texas as a foreign for profit corporation doing business at 802 N. Carancahua, Corpus

1

Christi, Nueces County, Texas 78404. Defendant may be served with service by serving its Texas registered agent as follows: CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas. However, a request for waiver will first be sent to Defendant.

3. Should Plaintiff learn that the business is owned by a different corporation or other business entity, then the Plaintiff would request leave to add as a proper party, substitute the true name and/or to serve said corporation or business entity.

4. Venue is proper in the Southern District of Texas, and in that, all or a substantial part of the events or omissions giving rise to this cause of action occurred in the Southern District of Texas (Nueces County). Moreover, venue is proper in the Southern District of Texas in that Defendant conducts business in Corpus Christi, Nueces County, Texas.

5. This Court has jurisdiction pursuant to a federal question, 28 U.S.C. section 1331 and 42 USC Sec. 12101 et seq. Moreover, the Court has supplemental jurisdiction of the related state claims that are based on the same factual basis.

## II. MISNOMER/MISIDENTIFICATION

6. In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## III. RESPONDEAT SUPERIOR

7. Employees involved in this cause of action were, at all times described herein, employees and vice-principals of defendant(s) and were at all times acting in the course and scope of

that employment. Accordingly, defendant(s) are liable for such conduct under the doctrine of *Respondeat Superior*.

8. At all times relevant to this lawsuit, Defendant, its agents and employees, was/were aware or should have been aware of the acts and omissions alleged herein, and through its authorized employees, agents, officers, executives, or representatives, knowingly formulated, participated in, and/or approved the wrongful and illegal conduct complained of herein.

## IV.  PROCEDURAL STATEMENT

9. Plaintiff has satisfied all administrative conditions precedent to filing suit herein, including, but not limited to, filing her administrative complaint/Charge of Discrimination within 180/300 days of discovering the discriminatory act(s). Plaintiff was issued a Right to Sue by the EEOC on March 23, 2023. and files this petition within 90 days of receipt of same. Alternatively, 180 days have passed since the filing of her EEOC/TWC charge related to this matter.

## V. FACTS

10. Plaintiff pleads alternate causes of action against Defendant for disability discrimination and retaliation, age discrimination and retaliation, violations of the Equal Pay Act, and sex discrimination and retaliation in violation of the American with Disabilities Act, 42 USC Sec. 12101 et seq., the Equal Pay Act, the Age Discrimination in Employment Act, Title VII violations based on sex and the Texas Labor Code Sec. 21 et seq.  She further asserts a claim under section 504 of the Rehab Act related to disability discrimination and retaliation.

11. Plaintiff is a Hispanic female who was 51 years old at the time of the factual claims asserted who works for Defendant at the Defendant's location in Corpus Christi, Texas.

12. Defendant is an employer covered by the ADA, 42 USC Sec. 12101 et seq.,, the Equal Pay Act, Title VII, the ADEA and the Texas Labor Code Sec. 21 et seq.

13. The Defendant had more than 15 employees for each calendar year from 2010 to present.

14. Plaintiff is a female who was approximately 51 years old at the time of the incidents made the basis of her claims and is in a protected class.

15. Plaintiff is disabled under the ADA, 42 USC Sec. 12102; and the Tex.Lab.Code Sec. 21.002(6)). Plaintiff has:

    (a) has a physical impairment that substantially limits one or more of the major life activities;

    (b) has a record of such an impairment; or

    (c) is regarding as having such an impairment.

16. Defendant regards or should regard Plaintiff as having a disability and/or Defendant perceives Plaintiff has a disability and suffers from anxiety.

17. Plaintiff is substantially limited in the major life activities of caring for herself, performing manual tasks, walking, working; and in the operation of Plaintiff's auto-immune system.

18. Plaintiff began working for Defendant in about 2005 as an employee within the human resources department.

19. Plaintiff DeLeon and another female employee sought a promotion to the position of Manager of Human Resources. However, neither Plaintiff nor the other female candidate were selected for the position. Instead, an unqualified male individual was brought back from retirement and placed into the position. Plaintiff and her training manager, Barbara Griffin, both females, were next in line to assume the position of HR Manager. Once again, neither was picked. Neither was given a reason for not being selected.

20. Art Klein hand-picked both VP of CC and the HR Manager HR. They were prior retired CITGO employees that worked with him in Lemont, IL. He brought them back from retirement and ignored the company succession plan.

21. Plaintiff had previously complained about issues with Art Klein. After she submitted her concerns, she had been subjected to retaliation, including being subjected to an investigation, details of which have not been revealed. She had also been suffering retaliation from, amongst others, Calvin Quarles and his boss Jim Cristman since complaining about them. After continued harassment and retaliation, she was constructively discharged on 8/26/2022.

22. Ms. De Leon had previously complained about issues with Art Klein. We believe there were other complaints about Mr. Klein. She complained to Germaine Turner, corporate GM of Human Resources, and Marilenny Lopez, Manager Employee Relations and Talent Acquisitions, about incidents regarding harassment and sex discrimination by Art Klein. Ms. De Leon noted her opposition to discrimination in any form and complained that she believed that female employees were suffering harassment and discrimination from Mr. Klein.

23. Since making her complaints, Ms. De Leon had been subjected to retaliation, including being subjected to an investigation, details of which have not been revealed. She suffered retaliation from, amongst others, Calvin Quarles and his boss Jim Cristman. We believe the evidence will demonstrate that Quarles and Cristman were informed about Ms. De Leon's complaints to Turner and Lopez and immediately had Nicole Serrano launch an investigation against Ms. De Leon. They questioned employees that were transferred out of Ms. De Leon's department for performance issues and questioned employees that have been disciplined for conflict of interest/ethical violations and were given last chance letters.

24. The company arranged for Paul Arriaga to take over supervision of the HR department when Mr. Quarles is not available, even though Arriaga does not have an HR background and has not been in the HR department long. On the other hand, Ms. De Leon has been a longstanding employee in the HR department, has led and been involved in discipline, investigations, terminations, recruitment, and selection throughout her 17 years of employment with CITGO. She was promoted to Supervisor in 2015 by the Refinery VP at the time, Eduardo Assef. She was eventually given a supervisor promotion and a 20% pay increase. Everything changed after her complaints to HR. She was subjected to discipline

25. The retaliation and bullying that she has been put through has caused health issues for her, including depression, stomach issues, anxiety, acid reflux, loss of sleep and other issues requiring medication.

## VI.
## DISCRIMINATION AND RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, ADA, 42 USC SEC. 12101 ET SEQ. AND CHAPTER 21 ET SEQ. OF THE TEXAS LABOR CODE

26. Plaintiff incorporates the factual allegations set forth above and set forth herein as if set forth verbatim, which constitute disability discrimination.

27. These acts by the Defendant constitute unlawful intentional discrimination and entitles Plaintiff to recovery of damages.

## VII

## RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, ADA, 42 USC SEC. 12101 ET SEQ. AND CHAPTER 21 ET SEQ. OF THE TEXAS LABOR CODE

28. Plaintiff incorporates the factual allegations set forth above and set forth herein as if set forth verbatim.

29. <u>In the alternative</u>, Plaintiff alleges that because of Plaintiff engaging in protected activity, Defendant subjected Plaintiff to discrimination and retaliation as set out above, including creating an offensive hostile work environment.

30. These acts by the Defendant constitute unlawful intentional retaliation and entitles Plaintiff to recovery of damages.

## VIII.

## AGE DISCRIMIATION AND RETALIATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT AND TEXAS COMMISSION ON HUMAN RIGHTS ACT CHAPTER 21.051 ET SEQ.

31. Plaintiff incorporates the factual allegations set forth above and set forth herein as if set forth verbatim.

    The evidence will show that:

    a. Plaintiff was over 40 at the time of her discrimination and constructive discharge.

    b. Plaintiff was qualified for her position;

    c. Plaintiff suffered an adverse employment action in that she unlawfully denied a promotion; and

    d. The circumstances arising raise an inference of age discrimination. Plaintiff was further informed and believes and therefore asserts that she suffered retaliation after her complaints and was denied the opportunity to seek other promotions and positions based on the retaliation.

## IX.

## SEX DISCRIMIATION AND RETALIATION IN VIOLATION OF THE TITLE VII AND VIOLATIONS OF THE EQUAL PAY ACT AND

7

## TEXAS COMMISSION ON HUMAN RIGHTS ACT CHAPTER 21.051 AND/OR LILLY LEDBETTER ACT

32. Plaintiff incorporates the factual allegations set forth above and set forth herein as if set forth verbatim.

33. <u>In the alternative</u>, Plaintiff alleges that because of Plaintiff's sex and engaging in activity protected under Title VII, the Texas Labor Code and other referenced statutes, Defendant subjected Plaintiff to retaliation / discrimination including creating an offensive hostile work environment.

34. These acts by the Defendant constitute unlawful intentional retaliation / discrimination and entitles Plaintiff to recovery of damages.

IX.

## SECTION 504 REHAB ACT CLAIM

35. Plaintiff incorporates the factual allegations set forth above and set forth herein as if set forth verbatim.

36. <u>In the alternative</u>, Section 504 of the 1973 Rehabilitation Act provides protection for any person who (1) has a physical or mental impairment that substantially limits one or more major life activities, (2) has a record of such an impairment or (3) is regarded as having such an impairment. Major life activities include walking, seeing, hearing, speaking, breathing, learning, working, caring for oneself, and performing manual tasks. As a result, the statute clearly applies to the claims of Mr. Alvarado and he is entitled to relief and damages under the Act.

37. It is alternatively contended Defendants were recipients of federal funds and/or contracts and that Defendants violated the Act. During all relevant times, the employer was a "recipient of

federal financial assistance," and/or federal contracts and were paid for goods or services they provide to governmental agencies or pursuant to contracts for which they received governmental funds. Defendants failed to accommodate the disabilities of Plaintiff and the conduct was solely on the basis of disability. It is further and alternatively asserted the Defendants' actions were done "intentionally."

## X. JURY DEMAND

38. Plaintiff requests trial by jury on all claims.

## XI. DAMAGES

39. Plaintiff alleges that as a direct and proximate result of the conduct and/or omissions on the part of the Defendant, he is entitled to recover at least the following legal damages:

   a. Lost wages, past and future

   b. Compensatory Damages, including Mental Anguish, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life suffered in the past, and which, in all reasonable probability, which will be suffered in the future;

   c. Pecuniary losses; loss of benefits and other benefits or compensation to which she would have been entitled, including increases in pay, liquidated and punitive damages

   d. Reasonable attorney fees, expert fees and costs.

   e. Based upon the above enumerated damages, the Plaintiff pleads for actual damages for the above damage elements in an amount the jury deems reasonable.

## XII. ATTORNEY FEES

40. Defendant's conduct as described in this petition and the resulting damage and loss to Plaintiff has necessitated Plaintiff retaining counsel. Therefore, Plaintiff seeks all reasonable and necessary attorney fees in this case which would include at least the following:

a. Preparation and trial of the claim, in an amount the jury deems reasonable;

    b. Post-trial, pre-appeal legal services, in an amount the jury deems reasonable;

    c. An appeal to the Court of Appeals, in an amount the jury deems reasonable;

    d. Making or responding to an Application for Writ of Error to the Supreme Court, and attorneys' fees in the event that application for Writ of Error is granted, in an amount the jury deems reasonable; and

    e. Post-judgment discovery and collection in the event execution on the judgment is necessary, in an amount the jury deems reasonable.

## PRAYER FOR RELIEF

Wherefore, Plaintiff requests that on final trial, Plaintiff have judgment against Defendant as follows:

1. Judgment against Defendant for Plaintiff's actual damages, including lost wages, bonuses, salary and benefits (both back pay and front pay), in an amount to be determined;

2. Judgment against Defendant for compensatory damages for the maximum amount allowed by law;

3. An order that Defendant take such other and further actions as may be necessary to redress Defendant's violation of the Civil Rights and any other applicable claims including reinstatement, if warranted or feasible;

4. Pre-judgment and post-judgment interest at the maximum amount allowed by law;

5. Costs of suit, including expert's fees and attorney's fees;

6. The award of such other and further relief, both at law and in equity, including injunctive relief and reinstatement, to which Plaintiff may be justly entitled.

Respectfully Submitted,

**/s/ *Adam Poncio***
Adam Poncio
State Bar No. 16109800
S.D. ID No. 194847
salaw@msn.com
Alan Braun
State Bar No. 24054488
S.D. ID No. 1428056
abraun@ponciolaw.com

**PONCIO LAW OFFICES**
A Professional Corporation
5410 Fredericksburg Rd., Suite 310
San Antonio, Texas 78229
Telephone: (210) 212-7979
Facsimile:   (210) 212-5880

Chris McJunkin
State Bar No. 13686525
S.D. ID No. 23548
cmcjunkin@stx.rr.com
4510 Anthony St.
Corpus Christi, Texas 78415
(361) 882-5747
(361) 882-8926

**ATTORNEYS FOR PLAINTIFF**